1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Frederick J. Klorczyk III (State Bar No. 320783)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
            jsmith@bursor.com
            fklorczyk@bursor.com

*Attorneys for Plaintiffs*
(additional counsel appear on signature page)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CATHY BASHAW, ROBERT GARNEAU, NANCY HOUSELL, and JEFFREY OLKOWSKI on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC. and NISSAN MOTOR CO., LTD.,<br><br>Defendants. | Case No. 4:18-cv-07292-HSG;<br><br>**PLAINTIFFS' COMBINED OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE**<br><br>Hon. Haywood S. Gilliam, Jr.<br><br>Date:            April 11, 2019<br>Time:           2 p.m.<br>Courtroom:   2, 4th Floor |
| VAUGHN KERKORIAN and DAVID TURNER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC. and NISSAN MOTOR CO., LTD.,<br><br>Defendants. | Case No. 4:18-cv-07815-HSG |

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER;
CASE NOS. 4:18-CV-07292; 4:18-CV-07815

# TABLE OF CONTENTS

PAGE(S)

I.    INTRODUCTION ...................................................................................................1

II.   LEGAL STANDARD ............................................................................................2

III.  ARGUMENT ........................................................................................................3

    A.    Venue Is Proper Under § 1391(b)(2) Because A Substantial Part Of
        The Events Giving Rise To The Claim Occurred Here ...............................3

    B.    Plaintiffs' Choice of Forum is Entitled to Substantial Weight...................5

    C.    The Convenience Factors Favor Maintaining the Present Forum ...............7

        1.    The Convenience of the Parties Weighs Against Transfer...........7

        2.    The Convenience of the Witnesses Weighs Against Transfer ......9

        3.    The Ease of Access to Evidence Weighs Against Transfer ........10

        4.    The Applicability of California Law Weighs Against Transfer..................11

        5.    The Feasibility of Consolidation is Inapplicable.........................11

        6.    The Advantages of Having a Local Court Determine Local
                Questions of Law Weighs Against Transfer ................................12

        7.    Differences in Cost of Litigation Weigh Against Transfer .........12

IV.   CONCLUSION ...................................................................................................13

1

2

**TABLE OF AUTHORITIES**

**PAGE(S)**

3

**CASES**

4

*Allen v. ConAgra Foods, Inc.*,
   2013 WL 4737421 (N.D. Cal. Sept. 3, 2013) ................................................................. 8

5

*Blume v. Int'l Services, Inc.*,
   2012 WL 1957419 (E.D. Mo. May 31, 2012) ................................................................ 8

6

7

*Bruton v. Gerber Prod. Co.*,
   2014 WL 172111 (N.D. Cal. Jan. 15, 2014) ................................................................. 11

8

*Decker Coal Co. v. Commonwealth Edison Co.*,
   805 F.2d 834 (9th Cir. 1986) ................................................................................. 7, 13

9

10

*Do v. Hollins Law, P.C.*,
   2013 WL 3703405 (N.D. Cal. July 12, 2013) ................................................................ 9

11

*Dwyer v. Gen. Motors Corp.*,
   853 F. Supp. 690 (S.D.N.Y. 1994) ............................................................................. 13

12

13

*Florens Container v. Cho Yang Shipping*,
   245 F. Supp. 2d 1086 (N.D. Cal. 2002) ....................................................................... 9

14

*Getz v. Boeing Co.*,
   547 F. Supp. 2d 1080 (N.D. Cal. 2008) ...................................................................... 11

15

16

*Hendricks v. StarKist Co.*,
   2014 WL 1245880 (N.D. Cal. Mar. 25, 2014) ....................................................... 6, 12, 13

17

*Hoffman v. Blaski*,
   363 U.S. 335 (1960) ................................................................................................. 2

18

19

*Hogan v. ADT, LLC*,
   2013 WL 12129856 (C.D. Cal. May 23, 2013) .............................................................. 6

20

*In re Ferrero Litig.*,
   768 F. Supp. 2d 1074 (S.D. Cal. 2011) ........................................................................ 8

21

22

*In re Nine Mile, Ltd.*,
   692 F.2d 56 (8th Cir. 1982) ....................................................................................... 3

23

*Int'l Controls & Measurements Corp. v. Honeywell Int'l, Inc.*,
   2013 WL 4805801 (N.D.N.Y. Sep. 9, 2013) ................................................................. 8

24

*Ironworks Patents LLC v. Samsung Elecs. Co.*,
   2017 WL 3007066 (N.D. Cal. July 14, 2017) ............................................................ 7, 10

25

26

*Jernigan v. Cal. Dept. of Corrections and Rehab.*,
   2011 WL 255798 (N.D. Cal. Jan. 24, 2011) .................................................................. 3

27

28

*Jones v. GNC Franchising, Inc.*,
    211 F.3d 495 (9th Cir. 2000) .................................................................................................. 2

*Martin v. Glob. Tel\*Link Corp.*,
    2015 WL 2124379 (N.D. Cal. May 6, 2015) ........................................................................ 3

*Martinez v. Knight Transportation, Inc.*,
    2017 WL 2722015 (E.D. Cal. June 23, 2017) ..................................................................... 12

*Perez v. Performance Food Grp., Inc.*,
    2017 WL 66874 (N.D. Cal. Jan. 6, 2017) .............................................................................. 3

*Peters v. Wells Fargo Bank, N.A.*,
    2018 WL 398238 (N.D. Cal. Jan. 12, 2018) ........................................................................ 10

*Roling v. E\*Trade Secs., LLC*,
    756 F. Supp. 2d 1179 (N.D. Cal. 2010) ............................................................................. 3, 6

*Shore to Shore Props., LLC v. Allied World Assurance*,
    2011 WL 4344177 (N.D. Cal. Sept. 15, 2011) ..................................................................... 7

*Shultz v. Hyatt Vacation Mktg. Corp.*,
    2011 WL 768735 (N.D. Cal. Feb. 28, 2011) ......................................................................... 7

*Sonoda v. Amerisave Mortg. Corp.*,
    2011 WL 2653565 (N.D. Cal. July 6, 2011) ...................................................................... 4, 5

*Stewart Org., Inc. v. Ricoh Corp.*,
    487 U.S. 22, (1988) ................................................................................................................ 2

*Strigliabotti v. Franklin Res., Inc.*,
    2004 WL 2254556 (N.D. Cal. Oct. 5, 2004) ......................................................................... 3

*STX, Inc. v. Trik Stik, Inc.*,
    708 F. Supp. 1551 (N.D. Cal. 1988) ..................................................................................... 7

*True Health Chiropractic, Inc. v. McKesson Corp.*,
    2013 WL 6000539 (N.D. Cal. Nov. 12, 2013) ...................................................................... 3

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) ............................................................................................................... 2

*Van Slyke v. Capital One Bank*,
    503 F. Supp. 2d 1353 (N.D. Cal. 2007) ................................................................................ 6

*Ventress v. Japan Airlines*,
    486 F.3d 1111 (9th Cir. 2007) .............................................................................................. 2

*View 360 Solutions, LLC v. Google, Inc.*,
    2013 WL 998379 (N.D.N.Y. Mar. 13, 2013) ....................................................................... 9

*Williams v. Bowman*,
    157 F. Supp. 2d 1103 (N.D. Cal. 2001) .............................................................................. 10

**STATUTES**

28 U.S.C. § 1391(b)...................................................................................................... 3

28 U.S.C. § 1404(a).................................................................................................. 2, 3

1

## I.      INTRODUCTION

2       This District is a proper forum for this case, and the Court should deny Nissan North

3   America, Inc.'s ("Nissan's" or "Defendant's") motion to transfer.  Plaintiff Robert Garneau resides

4   here, was exposed to Nissan's misleading conduct here, purchased a Nissan Murano here, and thus

5   was injured here.  *See* First Amended *Bashaw* Complaint ("FAC") ¶ 23.  He seeks to represent,

6   among other things, a class of similarly situated individuals who leased or purchased Class

7   Vehicles in the state of California, against Nissan, a California corporation.  *Id.* ¶¶ 31, 75.  It also

8   should come as no surprise that since at least 2011, the nerve center of Nissan's research and

9   development into autonomous driving features, including the forward emergency braking system

10  ("FEB") at issue here, is a Nissan facility located in Silicon Valley.  *Id.* ¶¶ 15, 20-21.  Nissan also

11  worked closely with Bosch and Continental AG, third party companies located in Silicon Valley,

12  and each had a significant role in developing the technology behind the FEB feature at issue in this

13  case.  *Id.* ¶¶ 16-19.  These facts dispense with Nissan's arguments that none of the events giving

14  rise to the claims occurred in this District, and that there is no relevant evidence here.  Further,

15  Nissan already agreed that the claims of Vaughn Kerkorian and David Turner should be

16  consolidated with the claims in the *Bashaw* action (*see Bashaw* ECF No. 18, at 5:9-11), and thus all

17  the arguments for transferring their action to Tennessee fail for the same reasons.

18      The crux of Nissan's argument is that even though it is a California corporation, it would be

19  more convenient for Nissan to defend this case in Tennessee.  To be blunt, Nissan is engaging in

20  reverse forum shopping.  Even if Tennessee would be a "more convenient" venue for Nissan, that

21  has nothing to do with the governing standard.  If it did, then companies could always obtain

22  "home field advantage" by claiming they prefer to be sued where their headquarters are located.

23  All the arguments about the purported virtues of Tennessee over California also ignore that one of

24  the Defendants here (Nissan Motor Co., Ltd.) is located in Japan, and Nissan does not (because it

25  cannot) argue that Tennessee is more convenient for its co-defendant.  FAC, ¶ 32.  Nissan

26  identifies <u>zero</u> non-party witnesses located in Tennessee, and does not argue there is any obstacle

27  to producing pertinent documents in electronic format here.  Moreover, Nissan is a large California

28

corporation with a national presence, and routinely defends lawsuits in this District, including in another pending matter involving <u>this Court</u> and the <u>same defense counsel</u> in this case. *See*, *e.g.*, *Falk v. Nissan N. Am., Inc.*, N.D. Cal. Case No. 4:17-cv-04871-HSG. The bottom line is that Nissan has no legal or factual basis to show that this District is so inconvenient as to make it an unsuitable forum. It therefore fails to meet its burden of showing that transfer is warranted, thus requiring that its motion be denied.

## II.  LEGAL STANDARD

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . ." 28 U.S.C. § 1404(a). The purpose of this statute is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks omitted). The moving party bears the burden of showing that the transferee district is a "more appropriate forum." *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000). The district court has broad discretion in deciding whether or not transfer. *See Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007) ("[T]he district court's decision to change venue is reviewed for abuse of discretion. Weighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge.") (Citation and internal quotation marks omitted).

District courts engage in a two-step analysis for motions to transfer. First, they determine "whether the transferee district was one in which the action might have been brought by the plaintiff." *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960) (internal quotation marks omitted). If so, the courts engage in "an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, (1988) (internal quotation marks omitted). In this District, courts typically consider the following "*Jones* factors": (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court

congestion and time to trial in each forum.  *See, e.g.*, *Perez v. Performance Food Grp., Inc.*, 2017 WL 66874, at *2 (N.D. Cal. Jan. 6, 2017) (Gilliam, J.). "This list is non-exclusive, and courts may consider other factors, or only those factors which are pertinent to the case at hand." *Martin v. Glob. Tel\*Link Corp.*, 2015 WL 2124379, at *2 (N.D. Cal. May 6, 2015).

Nissan's burden is a heavy one, and thus "[t]ransfer under § 1404(a) 'should not be freely granted.'"  *Jernigan v. Cal. Dept. of Corrections and Rehab.*, 2011 WL 255798, at *2 (N.D. Cal. Jan. 24, 2011) (quoting *In re Nine Mile, Ltd.*, 692 F.2d 56, 61 (8th Cir. 1982)).  If the burden were set too low, "the transfer statute itself makes forum shopping by defendants possible, which is …undesirable." *True Health Chiropractic, Inc. v. McKesson Corp.*, 2013 WL 6000539, at *5 (N.D. Cal. Nov. 12, 2013).  "A plaintiff's choice of forum generally receives deference in a motion to transfer venue." *Roling v. E\*Trade Secs., LLC*, 756 F. Supp. 2d 1179, 1185 (N.D. Cal. 2010). The motion for transfer should be denied if the balance of convenience is a "close call." *Strigliabotti v. Franklin Res., Inc.,* 2004 WL 2254556, at *7 (N.D. Cal. Oct. 5, 2004).

## III.     ARGUMENT

### A.     Venue Is Proper Under § 1391(b)(2) Because A Substantial Part Of The Events Giving Rise To The Claim Occurred Here

Nissan's motion is premised on its incorrect assertion that venue in the Northern District of California is not proper under any provision of 28 U.S.C. § 1391(b), because "Plaintiffs' claims have no connection whatsoever to California, much less the Northern District specifically." Defs.' Br. at 14.  Nissan then omits the fact that it is a California corporation when it similarly argues that "Plaintiffs' claims here have no factual nexus to California, nor do they involve any property in the state.  Thus, Plaintiffs cannot . . . invoke 1391(b)(2)." Defs.' Br. at 15 (Emphasis added).  That argument fails for two reasons.

First, Plaintiffs' First Amended *Bashaw* Complaint alleges that Plaintiff Garneau "is a citizen of the state of California and resides in San Jose, California." FAC, ¶ 23.  "In or around the Fall of 2018, Mr. Garneau purchased a 2018 Nissan Murano from a Nissan-authorized dealer, Premier Nissan of Stevens Creek, located in Santa Clara, California, for his personal or household use. *Id.*  Against this backdrop, Nissan's argument that "Plaintiffs' claims plainly do not arise out

of, result from, or even relate to any California-related activity by NNA" is wholly without merit. Further, the fact that Garneau resides in this District is sufficient to deny the transfer motion, regardless of the fact that other named-plaintiffs do not reside here.  *See Sonoda v. Amerisave Mortg. Corp.*, 2011 WL 2653565, at *4 (N.D. Cal. July 6, 2011) (denying motion to transfer in putative class action where only one of three named plaintiffs resided in California).

Second, the First Amended *Bashaw* Complaint contains additional allegations about the nexus between the claims alleged here and this District.  "Nissan has maintained research facilities in Silicon Valley since at least 2011 when engineers from Nissan and its corporate strategic partner Renault opened an office in Mountain View.  In February 2013, Nissan expanded its presence in Silicon Valley with the opening of [the Nissan Research Center Silicon Valley (NRC-SV),] a new advanced research center initially specializing in autonomous driving and connected cars."  FAC, ¶ 15 (internal quotes omitted).  Public statements by Nissan show that the research facility was specifically tasked with developing "Forward Emergency Braking":



*Id.*; *see also id.* ¶ 21.  Other allegations show that the claims at issue here arose from events that occurred in this District:

- "Nissan introduced Forward Emergency Braking as on option for the 2015 model year after work[ing] with Bosch to create the predictive forward collision system as part of ACC/ICC." *Id.* ¶ 16.  "Bosch has been present for nearly 20 years in Silicon Valley to lay the foundation for technology advancements that have brought great benefit to the global market and to humankind." *Id.* ¶ 18. "Bosch's research in Palo Alto, CA … centers on fusing together the capabilities of short-range radar, long-range radar, video cameras, Lidar and other sensors to establish 360-degree visibility around a moving vehicle." *Id.*

- "When Nissan announced in 2017 that it was making Forward Emergency Braking standard for the 2018 model year, it also announced that Robert Bosch and Continental AG will move into high volume production this year to supply Nissan Motor Co. with advanced automated braking systems across most of its U.S. product line. All of the sensors Nissan used in the Class Vehicles were researched, designed, manufactured, and/or supplied by Bosch and Continental from Silicon Valley." *Id.* ¶ 17 (internal quotation omitted).

- "Continental AG similarly maintains its Silicon Valley Research and Development Center in San Jose, CA **where the company currently develops and produces integrated active and passive driving safety technologies and products, such as sensors and advanced driver assistance systems** which are essential for the company's automated driving innovations." *Id.* at ¶ 19 (internal quotation omitted; emphasis added).

- "In July 2017, Nissan announced its new ProPILOT Assist technology, a consumer-focused foundation for fully autonomous vehicles of the future.  Like Nissan's Forward Emergency Braking system, ProPILOT Assist uses a forward-facing camera, forward-facing radar, sensors and electronic control module to function.  As Nissan details in an article … **ProPILOT was developed by Maarten Sierhuis and his team at Nissan's Silicon Valley research center**." *Id.* at ¶ 20 (internal quotation omitted; emphasis added).

The above-described allegations furnish a separate and independent basis for venue in this District, apart from the fact that Plaintiff Garneau resides here.

**B.      Plaintiffs' Choice of Forum is Entitled to Substantial Weight**

Nissan argues that "Plaintiffs' choice of California as their forum deserves little to no deference" for three reasons:  (1) "Plaintiffs are not residents of California, and opted to sue outside of their home states," (2) "Plaintiffs' choice is given less weight where, as here, Plaintiffs seek to represent a class," and (3) "the degree to which courts defer to the plaintiff's chosen venue

is substantially reduced where . . . the forum lacks a significant connection to the activities alleged in the complaint."  Defs.' Br. at 16-17.  Each of these arguments is incorrect.

As discussed above, Plaintiff Garneau resides in this District, was exposed to Defendants' misleading conduct in this District, purchased a Class Vehicle in this District, and thus was injured in this District.  FAC ¶ 23.  In addition, Nissan developed the technology at issue in this District. *Id.* ¶¶ 15-21.  These facts dispose of Nissan's first and third arguments, and render Nissan's authority inapposite.  *See Hendricks v. StarKist Co.*, 2014 WL 1245880, at *3 (N.D. Cal. Mar. 25, 2014) ("Plaintiff's choice of forum would receive only minimal deference if the operative facts had not occurred within the forum and the forum had no interest in the parties or subject matter.  In contrast, when 'there is no evidence that plaintiffs engaged in forum shopping and both plaintiffs and defendant have significant contacts with the Northern District of California, plaintiffs' choice of forum carries significant weight.'") (citing *Roling*, 756 F. Supp. 2d at 1186)).

Finally, Nissan's argument that "Plaintiffs' choice is given less weight where, as here, Plaintiffs seek to represent a class," Defs.' Br. at 17, should be rejected because no class has yet been certified and Plaintiffs still bear a fiduciary responsibility to lead the class.  Another court in this Circuit explained the flaw in Nissan's line of argument as follows:

> The implication of Defendant's argument, given the facts of this case –
> in which all of the contacts related to a named plaintiff are in her
> chosen district – is that any case with a proposed nationwide class
> should be transferred to the defendant's home district whenever its
> corporate representatives are material witnesses and outnumber
> plaintiff's witnesses . . . this cannot be the correct outcome as a blanket
> rule and it is not the correct result in this case.

*Hogan v. ADT, LLC*, 2013 WL 12129856, at *4 (C.D. Cal. May 23, 2013).  This argument therefore does not warrant disturbing the weight accorded to Plaintiffs' choice of forum.  *See, e.g.*, *Hendricks*, 2014 WL 1245880, at *3 (adopting the *Roling* analysis and explaining that "[t]he court there, like other courts in this district, expressly deferred to the plaintiff's choice of forum in a class action context because the plaintiff had substantial contacts to the forum and the claims at issue arose from that forum"); *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1363 (N.D. Cal. 2007) ("[E]ven if a nationwide class were certified the named plaintiffs would still bear a fiduciary

responsibility to lead the class. ... [P]laintiff's choice of forum is still entitled to some deference, even though diminished.  This factor cuts against transferring this action."); *Shultz v. Hyatt Vacation Mktg. Corp.*, 2011 WL 768735, at *3 (N.D. Cal. Feb. 28, 2011) (holding that plaintiff's choice of forum is "due some weight" where plaintiff alleges that her claims arose within the transferor district in which she resides, and the California subclass brings claims for violation of California law).

### C.   The Convenience Factors Favor Maintaining the Present Forum

#### 1.   The Convenience of the Parties Weighs Against Transfer

Nissan argues that "given Plaintiffs' choice of a forum outside their home states, Plaintiffs' convenience must be given little to no weight here."  Defs.' Br. at 17.  Once again, this ignores Plaintiff Garneau's in-District allegations, as well as the host of above-described allegations about the events giving rise to the claims at issue here.  *See supra* Section III.A.  The Court should thus reject Nissan's argument.

Next, Nissan argues that transfer to Tennessee "would be significantly more convenient" for it because "[e]ngineers with knowledge of AEB systems" are located in Tennessee.  Defs.' Br. at 18.  But Nissan's argument misses the mark.  As this Court has held, "[t]he convenience of the parties' employee witnesses is entitled to little weight because they can be compelled by their employers to testify regardless of venue."  *Ironworks Patents LLC v. Samsung Elecs. Co.*, 2017 WL 3007066, at *3 (N.D. Cal. July 14, 2017) (Gilliam, J.); *see also Shore to Shore Props., LLC v. Allied World Assurance*,  2011 WL 4344177, at *3 (N.D. Cal. Sept. 15, 2011) (same); *STX, Inc. v. Trik Stik, Inc.,* 708 F. Supp. 1551, 1556 (N.D. Cal. 1988) ("Moreover, defendant's claim that defense witnesses could not be expected to appear at trial must be discounted since at least four of the six witnesses are defendant's employees whom defendant can compel to testify.").

Moreover, it is not enough for Nissan – a California corporation – to simply argue that it would be more convenient for it to litigate in Tennessee.  The Ninth Circuit holds that "[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

Nissan has no basis to claim inconvenience in this District, much less a "strong showing" of inconvenience.  As one of the world's largest car manufacturers that does substantial business both in California and nationwide, Nissan must accept being hailed into any District without complaint. *See e.g. In re Ferrero Litig.*, 768 F. Supp. 2d 1074, 1080 (S.D. Cal. 2011) ("by choosing to market and sell [its product] nationwide, rather than just the [district where the company resides], Defendant exposed itself to the risk of being sued in the districts in which its product is sold").  As other courts in this District have reasoned, where a defendant operates its business nationally, the state where the defendant is headquartered "has no greater and no lesser relationship to Plaintiff's claims than this one." *Allen v. ConAgra Foods, Inc.*, 2013 WL 4737421, at *12 (N.D. Cal. Sept. 3, 2013).  Further, it makes no sense for Nissan to argue that it is unduly inconvenient to be sued in the state in which it is incorporated and where it has such a large and active presence with respect to the development and implementation of the technologies at issue in this litigation.

Finally, despite conceding in their brief that "ease of access to documentary evidence … carries only minimal weight when the evidence is in electronic form," Defs.' Br. at 19, Nissan nonetheless argues that "[d]ocuments pertaining to AEB systems are also located in the Middle District of Tennessee." Defs.' Br. at 18.  As a preliminary matter, the argument carries no weight because these documents would presumably also be present at Nissan's Silicon Valley facility (or any other location with an Internet connection).  Wherever the documents are, Nissan does not dispute that such documents are stored in electronic format, and courts across the country have recognized that "[w]ith electronically stored information and the ease with which paper documents can be scanned, this factor is antiquated and is largely a neutral factor." *Int'l Controls & Measurements Corp. v. Honeywell Int'l, Inc.*, 2013 WL 4805801, at *23 (N.D.N.Y. Sep. 9, 2013) (quotation omitted); *Blume v. Int'l Services, Inc.*, 2012 WL 1957419, at *7 (E.D. Mo. May 31, 2012) ("[W]ith the advent of photocopying and other means of document reproduction, the location of documents is no longer entitled to much weight in the transfer of venue analysis, especially where, as here, the parties have the financial capability to complete the necessary copying.").  The burden on Nissan to produce its evidence in this District is the same as it would be anywhere else.

*See, e.g.*, *View 360 Solutions, LLC v. Google, Inc.*, 2013 WL 998379, at *4 (N.D.N.Y. Mar. 13, 2013) ("[a]ccess to documents and other proof is not a persuasive factor in favor of transfer without proof that documents are particularly bulky or difficult to transport….") (internal quotation omitted).

    2.    *The Convenience of the Witnesses Weighs Against Transfer[1]*

Nissan argues that "it would be far more convenient for NNA's witnesses to testify in court if the action were located near their place of work."  Defs.' Br. at 18.  But that is, in fact, an argument for <u>denying</u> the transfer motion because some or all of those witnesses likely work at Nissan's Silicon Valley facility.  *See* FAC ¶¶ 15-21.  Nissan also does not (because it cannot) argue that it would be more convenient for employees of the Japanese Defendant Nissan Motor Company, Ltd. to fly to Tennessee, rather than to California.

Moreover, it is Nissan's burden to support their motion, but they fail to identify a single witness, let alone a non-party witness, who would be inconvenienced by litigating this case in this District.  *See Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1093 (N.D. Cal. 2002) ("Defendants on the other hand, offer no such account, other than to say that their witnesses reside in Alabama and Korea.  Without a more persuasive account, Defendants, as the parties with the burden of proof, fail to establish that the convenience of the witnesses factor weighs in favor of litigation of California.  The party seeking a transfer cannot rely on vague generalizations as to the convenience factors.  <u>The moving party is obligated to identify the key witnesses to be called and to present a generalized statement of what their testimony would include.</u>") (emphasis added); *Do v. Hollins Law, P.C.*, 2013 WL 3703405, at *3 (N.D. Cal. July 12, 2013) ("Hollins Law asserts it is located in and conducts all activities in the Central District.  It also asserts that all witnesses for Hollins Law reside in the Central District, but Hollins Law does not provide evidentiary support for

---

[1] Nissan again argues that "Plaintiffs' convenience is entitled to little to no weight, for the reasons discussed above."  Defs.' Br. at 18.  Plaintiffs respectfully rely on their First Amended *Bashaw* Complaint, as well as the arguments previously set forth in Section III.A *supra*.

1    its statements.  Hollins Law neither clearly specifies who their key witnesses are nor makes a

2    generalized statement of what their testimony would be.")

3            As a last-ditch effort, Nissan argues that "[t]o the extent any non-party witnesses would

4    need be compelled to testify at a deposition, hearing, or trial, such witnesses would likely be

5    beyond this Court's subpoena power absent a transfer."  Defs.' Br. at 18.  But this argument is

6    highly speculative—particularly because Nissan fails to identify a single non-party witness.  In

7    contrast, the *Bashaw* FAC identifies third party companies in this District that presumably employ

8    potential witnesses who are likewise in this District.  In sum, Nissan fails to meet its burden and

9    this factor therefore weighs against transfer.  *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1108

10   (N.D. Cal. 2001) ("To demonstrate inconvenience of witnesses, the moving party must identify

11   relevant witnesses, state their location and describe their testimony and its relevance."); *Plexxicon*

12   *Inc. v. Novartis Pharm. Corp.*, Case No. 4:14-cv-04405 (N.D. Cal. 2017) 12/07/17 Order Denying

13   Defendant's Venue-Related Motions (ECF No. 53), at 6-7 (Gilliam, J.) ("But Defendant – who

14   shoulders the burden in this transfer motion – fails to articulate why the presence of *its* proffered

15   witnesses would be necessary at trial, and why their testimony could not be obtained via discovery

16   mechanisms, for example.  … Here, again, Defendant assumes without basis that many or all of its

17   potential witnesses will be required to actually testify at trial …  This factor is therefore at best

18   neutral, and does not weigh in favor of transfer.").

19                    *3.      The Ease of Access to Evidence Weighs Against Transfer*

20           Nissan concedes that this factor "carries only minimal weight" yet argues, without any facts

21   or authority, that "[t]his factor nevertheless weighs in favor of transfer."  Defs.' Br. at 19.  Nissan's

22   assertion, without more, falls far short of meeting its burden to show that transfer is warranted.  *See*

23   *Ironworks*, 2017 WL 3007066, at *3 (Gilliam, J.) ("The parties have given no reason to believe that

24   the evidence will not be produced in electronic form.  Thus, this factor is neutral or carries only

25   minimal weight."); *Peters v. Wells Fargo Bank, N.A.*, 2018 WL 398238, at *6 (N.D. Cal. Jan. 12,

26   2018) ("Most of this evidence will be produced electronically, making its location irrelevant.").

27

28

Moreover, the presence of Nissan's Silicon Valley facility and third-party companies involved in developing and manufacturing the FEB system result in this factor leaning against transfer.

### 4.     The Applicability of California Law Weighs Against Transfer

Nissan argues that "[t]he applicable law in *Bashaw* and *Kerkorian/Turner* also supports transfer, or is at least a neutral factor" because "neither action properly invokes California law." Defs.' Br. at 19.  That argument is premature and wrong.  As noted above, Plaintiff Garneau resides in this District, was exposed to Defendants' misleading conduct in this District, purchased a Nissan Murano in this District, and thus was injured in this District.  FAC ¶ 23.  Plaintiff Garneau also properly invokes claims under California's Consumers Legal Remedies Act and California's Unfair Competition Law.  *Id.* ¶¶ 147-175.  Moreover, as Judge Koh previously recognized, "[a]lthough [Nissan] may ultimately prove correct in its argument that California law cannot be applied to out-of-state purchases made by out-of-state consumers, whether or not this is so depends, in substantial part, on a case-specific choice-of-law analysis that the parties and the Court have yet to undertake." *Bruton v. Gerber Prod. Co.*, 2014 WL 172111, at *13 (N.D. Cal. Jan. 15, 2014).  This factor therefore disfavors transfer.

### 5.     The Feasibility of Consolidation is Inapplicable

Nissan argues that "this factor supports transfer" because "transfer to any other venue would prevent consolidation absent an MDL" and because "[t]ransferring *Bashaw* and *Kerkorian/Turner* to the Middle District of Tennessee permits consolidation in the transferee court, as Plaintiffs have already sought this relief, and NNA does not oppose consolidation." Defs.' Br. at 20.  That argument is incoherent and wrong.  "[T]he feasibility of consolidation is only a factor where cases including the same claims and parties are before different district courts and can be consolidated before a single judge if transferred." *Getz v. Boeing Co.*, 547 F. Supp. 2d 1080, 1085-86 (N.D. Cal. 2008).  Here, both cases are already pending in the same District before a single judge.  *See* ECF No. 14 (Order Granting Motion to Relate).  In light of Nissan's non-opposition to Plaintiffs' pending motion to consolidate before this Court, there is no dispute that consolidation is feasible in this Court.  *See Bashaw* ECF No. 18, at 5:10-11 ("Pursuant to Civil Local Rule 7-3(b),

NNA states that it does not oppose Plaintiff's request to consolidate this action and

*Kerkorian/Turner*").  Simply put, Nissan's argument makes no sense and does not support transfer.

>    6.    *The Advantages of Having a Local Court Determine Local Questions of Law Weighs Against Transfer*

Nissan argues that "no Plaintiff resides in either California or Tennessee," and that because NNA's principal place of business is in Tennessee, a Tennessee court would have "a stronger interest in resolving the controversy."  Defs.' Br. at 20.  Not so.  Plaintiff Garneau resides in the Northern District of California, brings claims under California's consumer protection statutes, and seeks to represent a California subclass.  *See supra* Section III.A.  These facts disfavor transfer, or, at worst, are neutral.  *See Martinez v. Knight Transportation, Inc.*, 2017 WL 2722015, at *8 (E.D. Cal. June 23, 2017) ("California has an interest … in protecting the rights of any putative California class members."); *Hendricks*, 2014 WL 1245880, at *6 ("Here, California has a greater interest in adjudicating this dispute, and as three of the claims arise under California law, this forum is related to the action.  This factor disfavors transfer.").

>    7.    *Differences in Cost of Litigation Weigh Against Transfer*

Nissan asks the Court to shift the cost of litigation from the large corporations with national and international presence to Plaintiffs, who are individual purchasers of automobiles from Defendants.  In doing so, Nissan summarily argues that "[i]t is likely that litigation will be less costly in the Middle District of Tennessee, as NNA's headquarters is located there" and thus "the litigation cost to NNA would be substantially less were the action transferred to Tennessee." Defs.' Br. at 20.  Once again, Nissan provides <u>no evidence</u> regarding cost of litigation or the burden they would face if the Court were to deny their motion.[2]  Indeed, courts throughout this District, including the Ninth Circuit, have routinely rejected Nissan's argument under similar circumstances.  *See, e.g.*, *Hendricks*, 2014 WL 1245880, at *5 ("Here, the costs of litigation is a

---

[2] Nissan also argues that "litigation costs to Plaintiffs would be no greater and likely less in Tennessee." Defs.' Br. at 20-21.  Nissan plainly ignores that Plaintiffs' counsel is located in-District, a BART ticket away from this Courthouse, and that Nissan's own counsel is located in this District.

neutral factor because StarKist is a large corporation and it does not show how transfer would do more than simply reduce StarKist's litigation costs while increasing Hendricks' costs."); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (holding district court did not abuse discretion in denying motion to transfer where "[t]he transfer would merely shift rather than eliminate the inconvenience.").

Moreover, "[a] court may also consider the relative means of the parties in deciding a transfer motion." *Hendricks*, 2014 WL 1245880, at *5; *see also Dwyer v. Gen. Motors Corp.*, 853 F. Supp. 690, 693–94 (S.D.N.Y. 1994) (transfer not favored where moving party was large corporation possessing considerably greater financial assets than plaintiffs). This too disfavors transfer.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Nissan's motion in its entirety.

Dated:  February 28, 2019

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:_____*/s/ Joel D. Smith*_____
            Joel D. Smith

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Frederick J. Klorczyk III (State Bar No. 320783)
1990 North California Boulevard, Suite 940
Walnut Creek, California  94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail:  ltfisher@bursor.com
            jsmith@bursor.com
            fklorczyk@bursor.com

**DICELLO LEVITT GUTZLER LLC**
Adam J. Levitt*
John E. Tangren*
Daniel R. Ferri*
Ten North Dearborn Street, Eleventh Floor
Chicago, Illinois  60602
Tel: (312) 214-7900
E-mail: alevitt@dicellolevitt.com
            jtangren@ dicellolevitt.com
            dferri@ dicellolevitt.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
W. Daniel "Dee" Miles, III
H. Clay Barnett, III
272 Commerce Street
Montgomery, Alabama  36104
Tel: (334) 269-2343
E-mail:  dee.miles@beasleyallen.com
         clay.barnett@beasleyallen.com

**BAILEY GLASSER LLP**
Benjamin L. Bailey
Jonathan D. Boggs
Michael L. Murphy
209 Capitol Street
Charleston, West Virginia  25301
Tel: (304) 345-6555
E-mail:  bbailey@baileyglasser.com
         jboggs@baileyglasser.com
         mmurphy@baileyglasser.com

*Counsel for Plaintiffs*